**BANCOHIO NATIONAL BANK, Appellant,**

**v.**

**BOX, Appellee.**

[Cite as *BancOhio Natl. Bank v. Box* (1989), 63 Ohio App.3d 704.]

Court of Appeals of Ohio,
Ashtabula County.

No. 88–A–1418.

Decided Aug. 7, 1989.

*Kenneth L. Piper,* for appellant.

*Warren & Young* and *Carl F. Muller,* for appellee.

FORD, Judge.

In 1986, appellant, BancOhio National Bank, was awarded judgment in the amount of $7,889.97 with interest against appellee, J. Steven Box, by the Franklin County Municipal Court. A certificate of judgment was filed with the Ashtabula County Common Pleas Court. Appellant filed a notice of garnishment of property other than personal earnings. Service was made upon Buckeye Title Corporation ("Buckeye Title") as garnishee.

Buckeye Title deposited $7,495 with the Ashtabula County Clerk of Courts. Buckeye Title held the money in escrow for a real estate transaction in which appellee was commissioned by a third party, Rice, to sell a parcel of land.

Appellee requested a hearing on this matter. Appellee did not appear for the scheduled hearing on October 3, 1988, but his counsel contacted the court. The trial judge directed both parties to submit briefs to the court. Both parties filed memoranda with supporting affidavits. Based upon these documents, the court found that the real estate commission "does not qualify as 'personal earnings' within the meaning of R.C. 2716.01 *et seq.*" However, the court found that Ohio law was in conflict with the Consumer Credit Protection Act and that appellee was "entitled to the limitations and protection afforded consumers under 15 USCS Section 1673 'Restriction on Garnishment' because the commission [was] 'earnings' as defined by the Consumer Credit Protection Act." The court dismissed the garnishment.

On appeal, the following assignments of error are asserted.

"1. The trial court erred as a matter of law in holding that appellee was entitled to the protection of 15 USCS, Section 1673 because the commission earned by appellee was 'earnings' as defined by the Consumer Credit Protection Act.

"2. If the trial court is correct in finding appellee is entitled to the protection of 15 USCS, Sec. 1673, it was error for the court to fail to order the payment of 25 per cent of appellee's disposable earnings for that week."

In the first assignment, appellant alleges that the commission does not constitute "periodic compensation" and, therefore, is not entitled to protection under Section 1672, Title 15, U.S. Code.

■ Both this state and the federal government have adopted laws restricting garnishments of wages. The law is codified in R.C. 2716.01 *et seq.* in Ohio and Section 1672 *et seq.*, Title 15, U.S. Code. At times the two conflict, and the one which is more restrictive and results in the smaller garnishment is controlling. *Willhite v. Willhite* (Okla.1976), 546 P.2d 612, 616.

■ Initially, both parties conceded that R.C. 2716.01 *et seq.* is not applicable. It definitionally excludes monies earned under these circumstances.

R.C. 2716.01 provides, in part:

"(C) As used in this chapter:

"(1) 'Employer' means a person who is required to withhold taxes out of payments of personal earnings made to a judgment debtor.

"(2) 'Personal earnings' means money, or any other consideration or thing of value, that is paid or due to a person in exchange for work, labor, or personal services provided by the person to an employer."

Therefore, "personal earnings" are only money or other consideration paid by a person who is required to withhold taxes. Absent this, the monies are not "personal earnings" for garnishment purposes. As such, the monies earned by appellee are not protected from garnishment under Ohio law.

Federal law appears to be more restrictive, and therefore, applicable. Specifically, Section 1672(a), Title 15, U.S. Code provides: "[t]he term 'earnings' means compensation paid or payable for personal services, whether denominated as wages, salary, commission, bonus, or otherwise, and includes periodic payments pursuant to a pension or retirement program." This broader definition includes commissions.

■ Appellant maintains that Section 1672, Title 15, U.S. Code does not restrict the garnishment. Its main argument is that in order to qualify as "earnings," the payment needs to be "periodic." However, neither the statute nor case law cited by appellant supports this position.

In *Gerry Elson Agency, Inc. v. Muck* (Mo.App.1974), 509 S.W.2d 750, at 753, the court noted:

"It seems clear that in ruling this matter the courts are not concerned with and should ignore any 'label' given to the money due, i.e. wages, salary, commission, etc. The sole criteria [*sic*] for the exemption is that the funds ('earnings') subject to the garnishment, in fact and in a strict sense, represent 'compensation' for 'personal services.'"

Applying this standard, the commission earned represents "earnings" and would be subject to the restrictions contained in the Consumer Credit Protection Act. The first assignment is without merit.

In the second assignment, appellant alleges that at least twenty-five percent of the monies should be subject to garnishment pursuant to Section 1673, Title 15, U.S. Code. We find this assignment to be with merit.

While the trial judge was correct in concluding Ohio law was not applicable, and that federal law was, it erred by failing to apply that law. Garnishments may be subject to both state and federal law. However, as previously noted, the more restrictive one, the one resulting in the smallest garnishment, is the one which is applicable.

The federal law provides that up to "25 per centum [of an individual's] disposable earnings for that week," may be subject to garnishment. Section 1673(a), Title 15, U.S. Code. Thus, the court should have applied this law and determined what amount of the commission was subject to garnishment pursuant to the federal law.

Independently, appellee argues that the parties entered into an agreement in which he would pay $50 per month until the debt was paid. He offers two receipts, dated more than one year apart, showing that he was complying with the agreement. Additionally, he argues that appellant illegally obtained the information regarding the commission, and therefore, violated the Fair Debt Collection Practices Act, Section 1692 *et seq.*, Title 15, U.S. Code.

Appellee's challenges regarding the Fair Debt Collection Practices Act are not raised in the nature of a cross-assignment of error. Further, given the skeletal nature of the record before this court, the absence of a transcript or an App.R. 9 statement, this court is not able to address appellee's contention.

Therefore, the judgment of the trial court is affirmed in part and reversed in part, and the cause is remanded to the trial court to redetermine what amount, if any, should be subject to garnishment.

*Judgment affirmed in part,*
*reversed in part*
*and cause remanded.*

CHRISTLEY, P.J., and O'NEILL, J., concur.

JOSEPH E. O'NEILL, J., of the Seventh Appellate District, sitting by assignment.