## SMYTHE CRAMER COMPANY

v.

## GUINTA; Russell Realtors.

Medina Municipal Court, Ohio.

No. 98 CVJ 00018.

Decided Nov. 26, 2001.

*Andrew A. Kabat,* for plaintiff.

*S. Robert E. Lazzaro,* for the garnishee, Russell Realtors.

DALE H. CHASE, Judge.

This matter is before the court pursuant to a request for exemption from a garnishment of personal earnings filed against the defendant, Susan J. Guinta. The garnishee, Russell Realtors, objected to the decision of Magistrate Charles T. Lawrie that recommended that the garnishment of funds held by Russell Realtors for Susan Guinta be allowed to proceed. For the reasons stated herein, the magistrate's decision is adopted.

The defendant, Susan Guinta, is a licensed real estate salesperson. Plaintiff seeks a garnishment of personal earnings to attach real estate commissions owed to Guinta by Russell Realtors, the garnishee. Guinta and Russell Realtors argue that real estate commissions are not personal earnings and are therefore exempt from attachment by a garnishment of personal earnings.

The procedure for garnishment of personal earnings is governed by R.C. 2716.01 through 2716.09. There is also available a procedure for garnishment of property other than personal earnings, governed by R.C. 2716.11 through 2716.13, and a creditor's bill, governed by R.C. 2333.01.

"Personal earnings" are defined in R.C. 2716.01(C)(2) as "money, or any other consideration or thing of value, that is paid or due to a person in exchange for work, labor, or personal services provided by the person to an employer." See, e.g., Leybovich v. Grover (Nov. 2, 1998), Warren App. No. CA98–04–041, unreported, 1998 WL 761681.

R.C. 2716.01(C)(1) defines "employer" as "a person who is required to withhold taxes out of payments of personal earnings made to a judgment debtor." Russell Realtors does not withhold taxes from Susan Guinta's commissions. Applying only the Ohio statute, the commissions earned by Susan Guinta as a licensed real estate salesperson for Russell Realtors are not personal earnings as defined in R.C. 2716.01(C)(1) and (C)(2) because Russell Realtors is not an "employer."

However, the evaluation of the exemption claim does not end with this analysis of the statute.

BancOhio Natl. Bank v. Box (1989), 63 Ohio App.3d 704, 580 N.E.2d 23, dealt with a garnishment of property other than personal earnings. The creditor in that case sought to attach the entire real estate commission owed to the debtor. The Ashtabula County Court of Appeals found that the federal Consumer Credit Protection Act, Section 1671 et seq., Title 15, U.S.Code, had a more inclusive definition of "earnings" that are protected from garnishment than does the Ohio statute. Under the federal statute, "earnings" means "compensation paid or payable for personal services, whether denominated as wages, salary,

commission, bonus, or otherwise * * *." Section 1672(a), Title 15, U.S.Code. Where the federal definition is more restrictive and results in a smaller garnishment, that definition is controlling. *BancOhio,* 63 Ohio App.3d at 706, 580 N.E.2d at 24, citing *Willhite v. Willhite* (1976), 546 P.2d 612, 616, citing *First Natl. Bank of Denver v. Columbia Credit Corp.* (1972), 179 Colo. 242, 499 P.2d 1163.

■ The purpose of the Consumer Credit Protection Act is to provide protection to debtors from having their entire source of earnings garnished or attached by a judgment creditor. The federal restrictions on garnishment apply to this proceeding. Section 1673(c), Title 15, U.S.Code ("No court of * * * any State * * * may make, execute, or enforce any order or process in violation of this section)." See *Hodgson v. Cleveland Mun. Court* (N.D.Ohio 1971), 27 Ohio Misc. 121, 326 F.Supp. 419. If this court merely adopts the definition of personal earnings in R.C. 2716.01, which excludes real estate commissions, then real estate commissions become property other than personal earnings and the entire commission is subject to garnishment by a creditor. See *Bank One, Cleveland, N.A. v. Lincoln Electric Co., Inc.* (1990), 55 Ohio Misc.2d 7, 563 N.E.2d 381.

The result of such an action places real estate salespersons in the position in which all of their earnings would be subject to garnishment or attachment by a judgment creditor in contravention of the Consumer Credit Protection Act.

The court finds that the reasoning of *BancOhio Natl. Bank v. Box* is persuasive with regard to this matter.

The federal statute is more restrictive because it prevents the judgment creditor from obtaining more than twenty-five percent of the person's disposable earnings and includes commissions within that protection. Sections 1672(a) and 1673(a), Title 15, U.S.Code.

■ The court holds that real estate commissions are personal earnings subject to garnishment.

Wherefore, Russell Realtors, garnishee, is directed to file an interim report and answer of garnishee with reference to the commissions owed to Susan J. Guinta from Russell Realtors, to continue to file such interim reports as are required by the statute, and to deposit such funds as are indicated on the interim reports with the Clerk of the Medina Municipal Court.

*Judgment accordingly.*