[Cite as *Capital One v. Caspary*, 2018-Ohio-358.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| CAPITAL ONE BANK (USA), N.A., | ) | |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | CASE NO. 17 MA 0092 |
| V. | ) | |
| | ) | OPINION |
| ERIC J. CASPARY SR., ET AL., | ) | |
| | ) | |
| DEFENDANTS-APPELLANTS. | ) | |

CHARACTER OF PROCEEDINGS:     Criminal Appeal from Mahoning County
Area Court No. 2 of Mahoning County,
Ohio
Case No. 2016 CVF 00500

JUDGMENT:     Affirmed.

APPEARANCES:
For Plaintiff-Appellee     Attorney Andrew P. Schreiber
Attorney Jackson T. Moyer
471 East Broad Street, 12th Floor
Columbus, Ohio 43215

For Defendants-Appellants     Attorney Matthew C. Giannini
1040 S. Commons Place, Suite 200
Youngstown, Ohio 44514

JUDGES:

Hon. Gene Donofrio
Hon. Cheryl L. Waite
Hon. Mary DeGenaro

Dated: January 26, 2018

DONOFRIO, J.

**{¶1}** Defendants-appellants, Eric Caspary, Sr. (Caspary), and Klacik Real Estate, LLC (Klacik), appeal from the Mahoning County Area Court No. 2's judgment granting summary judgment in favor of plaintiff-appellee, Capital One Bank (USA), N.A.

**{¶2}** In 2015, appellee initiated an action against Caspary in the Mahoning County Area Court No. 2 to collect on credit card debt Caspary owed to appellee. Appellee eventually filed for summary judgment on its claim against Caspary in the 2015 action. The trial court granted appellee's summary judgment motion against Caspary in the 2015 action and awarded appellee $10,884.87 with 0% interest per annum.

**{¶3}** After appellee was granted summary judgment in the 2015 action, appellee sent post-judgment discovery requests to Caspary. In the post-judgment discovery requests, appellee sent Caspary one request for admission which read "You do not possess sufficient personal or real property subject to levy on execution to satisfy the judgment." In response to the request for admission, Caspary responded "No real property." The post-judgment discovery requests also contained interrogatories in which appellee was trying to ascertain what assets were available to Caspary. The only assets Caspary had any claim to were a checking account and a leased automobile. Caspary also responded to requests for production with copies of commission checks he received from Klacik totaling $7,370.00 as well as an IRS Form 1099 from 2015 stating that Caspary's nonemployee compensation from Klacik was $21,698.00.

**{¶4}** After the post-judgment discovery was completed, appellee then filed this action seeking a creditor's bill pursuant to R.C. 2333.01 claiming an equitable and legal interest to any money Klacik was paying Caspary in the form of real estate commissions. Eventually, appellee filed a motion for summary judgment on the basis that it was able to establish all of the elements for a creditor's bill pursuant to R.C. 2333.01. Appellants filed a memorandum in opposition to summary judgment arguing that real estate commissions Klacik tendered to Caspary could not be pursued by a

judgment creditor in a creditor's bill claim.

{¶5} On April 18, 2017, the trial court granted appellee's motion for summary judgment. The trial court ordered that Klacik was to not pay any future commissions to Caspary until 25% of all commission payments were withheld and sent to counsel for appellee. Appellants timely filed this appeal on May 8, 2017. Appellants now raise two assignments of error.

{¶6} Appellants' first assignment of error states:

THE TRIAL COURT ERRED IN AWARDING SUMMARY JUDGMENT TO CREDITOR ON A CREDITOR'S BILL ACTION FILED PURSUANT TO OHIO REV. CODE 2333.01 WHEN DEBTOR'S REAL ESTATE COMMISSIONS ARE DEEMED NONDISCRETIONARY INCOME AND SUBJECT TO THE FEDERAL CONSUMER'S PROTECTION ACT.

{¶7} Appellants argue that the money Klacik tenders to Caspary as real estate commissions constitutes nondiscretionary earnings. As such, said money cannot be subject to a creditor's bill and is only subject to a garnishment action. Therefore, it was improper to grant summary judgment to appellee.

{¶8} An appellate court reviews a trial court's summary judgment decision de novo, applying the same standard used by the trial court. *Ohio Govt. Risk Mgt. Plan v. Harrison*, 115 Ohio St.3d 241, 2007-Ohio-4948, 874 N.E.2d 1155, ¶ 5. A motion for summary judgment is properly granted if the court, upon viewing the evidence in a light most favorable to the nonmoving party, determines that: (1) there are no genuine issues as to any material facts; (2) the movant is entitled to judgment as a matter of law, and (3) the evidence is such that reasonable minds can come to but one conclusion and that conclusion is adverse to the opposing party. Civ. R. 56(C); *Byrd v. Smith*, 110 Ohio St. 3d 24, 2006-Ohio-3455, 850 N.E.2d 47, ¶ 10.

{¶9} Summary judgment is appropriate when there is no genuine issue as to any material fact. A "material fact" depends on the substantive law of the claim being

litigated. *Hoyt, Inc. v. Gordon & Assoc., Inc.,* 104 Ohio App.3d, 598, 603, 662 N.E.2d 1088 (8th Dist. 1995), citing *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 247-248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

**{¶10}** R.C. 2333.01 provides:

When a judgment debtor does not have sufficient personal or real property subject to levy on execution to satisfy the judgment, * * * any interest which he has * * * in a money contract, claim, or chose in action, due or to become due to him * * * shall be subject to the payment of the judgment by action.

**{¶11}** There are three elements to a claim for a creditor's bill under R.C. 2333.01: (1) the existence of a valid judgment against a debtor, (2) the existence of an interest in the debtor of the type enumerated in the statute, and (3) a showing that the debtor does not have sufficient assets to satisfy the judgment against him. *Rhodes v. Sinclair*, 7th Dist. No. 11 MA 181, 2012-Ohio-5603 ¶ 13 citing *Am. Transfer Corp. v. Talent Transp., Inc.*, 8th Dist. No. 94980, 2011-Ohio-112.

**{¶12}** The only issue raised on this appeal is whether Caspary's real estate commissions from Klacik constitute an interest enumerated in R.C. 2333.01. There is no dispute that the first and third elements of an R.C. 2333.01 claim are met. Appellants contend that Caspary's commissions constitute non-discretionary earnings and are therefore not appropriate for a creditor's bill. Appellee contends Caspary's real estate commissions constitute a money contract which is enumerated in R.C. 2333.01.

**{¶13}** In support of its argument, appellee points to appellants' own brief which states, in relevant part:

(1) Appellant/debtor, Eric Caspary, Sr., is an independent contractor with Appellant, Klacik Real Estate, LLC ("Klacik"), * * *

(2) Appellant/debtor, Eric Caspary, Sr. receives commissions from Appellant, Klacik, pursuant to that contract and only for services rendered to the Principal (Klacik) in Caspary's capacity as an

independent contractor,

Brief of Appellants, 4.

**{¶14}** Appellee contends that these admissions, which are the same admissions included in appellants' memorandum in opposition to summary judgment, are sufficient to classify Caspary's real estate commissions as a money contract for purposes of obtaining a creditor's bill.

**{¶15}** Pursuant to Ohio garnishment law, "personal earnings" is defined as "money * * * that is paid or due to a person in exchange for work, labor, or personal services provided by the person to an employer." R.C. 2716.01(C)(2). An employer is defined as a person required to withhold taxes out of payments of personal earnings made to a judgment debtor. R.C. 2716.01(C)(1). There is no evidence in the record that suggests Klacik withholds taxes from Caspary's commissions, which disqualifies Klacik as an employer and takes this action outside the realm of garnishment.

**{¶16}** The Eleventh District's decision in *BancOhio Natl. Bank v. Box*, 63 Ohio App.3d 704, 580 N.E.2d 23 (11th Dist. 1989), is persuasive here. In *Box*, BancOhio filed a garnishment action against Box seeking to garnish Box's real estate commissions. *Id.* at 705. The trial court dismissed the garnishment action on the basis that real estate commissions did not constitute personal earnings pursuant to R.C. 2716 *et seq. Id.* The trial court also held that the federal Consumer Credit Protection Act governed, not Ohio law. *Id.*

**{¶17}** The Eleventh District affirmed in part and reversed in part. First, the Eleventh District held that a real estate commission payment does not qualify as "personal earnings" pursuant to R.C. 2716.01(C)(2) because the person who pays the commission is not required to withhold taxes on the commission. *Id.* at 706. But the Eleventh District reversed the trial court's decision to not apply the Consumer Credit Protection Act to BancOhio's garnishment action. Under the Consumer Credit Protection Act, commission payments are defined as "earnings" which are subject to a twenty-five percent garnishment cap. *Id.* The Consumer Credit Protection Act governed because it was inconsistent with Ohio law and when state law is

inconsistent with the Consumer Credit Protection Act, the one that is more restrictive and results in smaller garnishment controls. *Id.*

**{¶18}** Applying the *Box* decision to this case, the trial court ruled properly in limiting the amount appellee was entitled to receive from Caspary to twenty-five percent of any and all future commissions. Under Ohio law, Caspary's commissions would not be considered "personal earnings" as Klacik is not required to withhold taxes on said commissions because Caspary is an independent contractor and not an employee. Therefore, Klacik would not be considered an employer for purposes of R.C. 2716.01(C)(1) and a creditor's bill was the only appropriate action in this case. Furthermore, in order to be consistent with the Consumer Credit Protection Act, the creditor's bill could only be applied to twenty-five percent of Caspary's commissions, which is what the trial court ordered in its April 18, 2017 judgment entry.

**{¶19}** Accordingly, appellants' first assignment of error lacks merit and is overruled.

**{¶20}** Appellants' second assignment of error states:

> A GARNISHMENT CANNOT REACH FUNDS OF A DEBTOR WHICH DID NOT EXIST AT THE TIME OF THE LEVY OF THE WRIT, BUT WHICH WERE SUBSEQUENTLY ACQUIRED OR OWED BY THE GARNISHEE.

**{¶21}** Appellants argue that only property or credits that exist at the time of the service of garnishment are subject to be garnished. As such, appellants argue that the creditor's bill should not be allowed to garnish any future payments Klacik may make to Caspary as they did not exist at the time of service of garnishment.

**{¶22}** As this assignment of error concerns the trial court's decision to grant summary judgment, it is subject to the same standard of review set forth addressing appellants' first assignment of error.

**{¶23}** Appellants cite two cases in support of their argument that the trial court's garnishment order should only apply to commission payments which were

already in Klacik's possession at the time Klacik was served with the order. But appellants' cases are easily distinguishable because they concern garnishment actions pursuant to R.C. 2716 et seq. As previously set forth, this was an action for a creditor's bill pursuant to R.C. 2333.01.

**{¶24}** R.C. 2333.01 states, in relevant part, that any equitable interest a judgment debtor has that is "due or to become due to him" shall be subject to the payment of the action. The plain text of the statute allows a creditor's bill to attach to the equitable interests of a debtor that are not yet in existence at the time of the judgment. Therefore, the trial court's decision to grant summary judgment in favor of appellee and order Klacik to withhold twenty-five percent of Caspary's future commissions was proper.

**{¶25}** Accordingly, appellants' second assignment of error lacks merit and is overruled.

**{¶26}** For the reasons stated above, the trial court's judgment is hereby affirmed.

Waite, J., concurs

DeGenaro, J., concurs