[Cite as *Buerkle v. VanAuken*, 2020-Ohio-5440.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

| | |
|---|---|
| Vernie T. Buerkle, et al. | Court of Appeals No. E-19-072 |
| Appellants | Trial Court No. 2016 CV 0750 |
| v. | |
| Sharon L. VanAuken, et al. | **DECISION AND JUDGMENT** |
| Appellees | Decided: November 25, 2020 |

* * * * *

Daniel L. McGookey, for appellants.

M. Charles Collins, for appellees.

* * * * *

**SINGER, J.**

{¶ 1} This case is before the court on appeal by appellants, Vernie Buerkle and

Donna Buerkle, from the December 11, 2019 judgment of the Erie County Court of

Common Pleas, denying their motion for reconsideration and motion for relief from

judgment of the trial court's August 8, 2019 decision. In that decision, the court granted

the motion to dismiss appellants' claims filed by appellees, Realty World - Kinn & Theobald Realty, Inc. and John Kinn ("Kinn"), and also granted the motion for summary judgment on appellees' counterclaims filed by appellees. For the following reasons, we affirm, in part, and reverse, in part, the court's December 11, 2019 judgment.

{¶ 2} Appellants set forth one assignment of error:

The trial court erred in granting defendants/appellees' motion for summary judgment, denying plaintiffs/appellants' motion for reconsideration and their motion for relief from judgment, and in granting defendants' motion for nunc pro tunc entry.

**Relevant Facts**

{¶ 3} On December 8, 2016, appellants, who are husband and wife, filed a complaint to quiet title to certain property in Kelleys Island Township, Erie County, Ohio ("the property"). In the complaint, appellants alleged claims against appellees and other parties claiming, inter alia, that appellees' purported interest in the property was unlawful and invalid, and Kinn was not a bona fide purchaser of the property and tortuously interfered with prospective business contracts.

{¶ 4} On March 3, 2017, appellees filed an answer to appellants' complaint and counterclaims against appellants alleging Vernie Buerkle was liable for fraud, breach of contract, promissory estoppel and negligent misrepresentation, and treble damages for the theft of Kinn's property. Appellees also alleged counterclaims against both appellants for

2.

unjust enrichment and civil conversion. Appellants filed an answer, denying appellees' counterclaims.

{¶ 5} On July 25, 2019, appellees filed a motion to dismiss appellants' claims for lack of prosecution and a motion for summary judgment on appellees' counterclaims.

{¶ 6} On August 5, 2019, appellants filed a pro se motion for continuance of the August 12, 2019 trial date, and a motion for extension of time to respond to appellees' motion for summary judgment. That same day, appellees filed an opposition, and the trial court denied appellants' motion for continuance and for extension of time.

{¶ 7} On August 8, 2019, the trial court issued its decision. The court granted appellees' motion to dismiss all of appellants' claims for failure to prosecute, and entered judgment in Kinn's favor and against Vernie Buerkle on the theft and fraud counterclaims. The court dismissed the remaining counterclaims.

{¶ 8} On August 16, 2019, appellants, by and through counsel, filed a motion for reconsideration of the August 8, 2019 decision, seeking to have the trial court reassess and vacate that decision, and give appellants sufficient time to respond to the motion for summary judgment.

{¶ 9} On August 21, 2019, appellees filed a motion for nunc pro tunc entry, requesting that the trial court issue an entry certifying that the August 8, 2019 decision was a final and appealable order pursuant to Civ.R. 54(B).

3.

{¶ 10} On September 4, 2019, appellants, by and through counsel, filed a motion for relief from judgment pursuant to Civ.R. 60(B), arguing they have meritorious claims against appellees and meritorious defenses to appellees' counterclaims.

{¶ 11} On December 11, 2019, the trial court issued a judgment entry denying appellants' motion for reconsideration and motion for relief from judgment. On that same day, the court issued an order granting appellees' motion for nunc pro tunc entry, finding there was no just reason for delay and the August 8, 2019 decision was a final judgment. Appellants timely appealed.

## Issues

{¶ 12} Appellants set forth four statements of the issues, which we will address in turn:

A. Whether the trial court improperly cut off * * * Appellants' right to respond to the Motion for Summary Judgment of * * * Appellees Realty World * * * and Kinn * * * to * * ** Appellants' prejudice.

B. Whether the trial court improperly denied * * * Appellants' Motions for Reconsideration and for Relief from Judgment, finding that no genuine issues of material fact were presented to prevent summary judgment dismissing * * * Appellants' claims for Quiet Title, Declaratory Judgment and Tortious Interference.

C. Whether the trial court improperly denied * * * Appellants' Motions for Reconsideration and for Relief from Judgment, finding that no

4.

genuine issues of material fact were presented to prevent summary judgment awarding damages to * * * Kinn on his counterclaims for theft offense and for fraud.

D.  Whether the trial court improperly employed the Nunc Pro Tunc procedure when entering its Nunc Pro Tunc Entry on December 11, 2019.

## Arguments – First Issue

{¶ 13} Appellants argue the trial court violated Civ.R. 6(C)(1) by entering its judgment prior to the 28 days allowed for non-moving parties to respond to a motion for summary judgment.  Appellants contend the court entered judgment 15 days after appellees filed their motion to dismiss appellants' claims and motion for summary judgment on appellees' counterclaims.

## Law and Analysis

{¶ 14} At the outset, we note the trial court's August 8, 2019 decision was an interlocutory order because it did not determine all claims against all parties.  *See* Civ.R. 54(B).  Since an interlocutory order is not final and may be modified by the trial court at any time before a final judgment is rendered, the order is subject to a motion for reconsideration.  *Pitts v. Dept. of Transportation*, 67 Ohio St.2d 378, 423 N.E.2d 1105 (1981), fn.1.  Thus, appellants' motion for reconsideration, not the motion for relief from judgment, was the proper motion for the trial court to consider.  We will therefore restrict our analysis accordingly.

5.

**{¶ 15}** Civ.R. 6 provides:

(A) In computing any period of time prescribed or allowed by these rules, by the local rules of any court, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included.  The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, in which event the period runs until the end of the next day which is not a Saturday, a Sunday, or a legal holiday.  When the period of time prescribed or allowed is less than seven days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation.

\* \* \*

(C)(1) Responses to a written motion, other than motions for summary judgment, may be served within fourteen days after service of the motion.  Responses to motions for summary judgment may be served within twenty-eight days after service of the motion.

**{¶ 16}** Civ.R. 56(C) provides in relevant part:

The [summary judgment] motion together with all affidavits and other materials in support shall be served in accordance with Civ.R. 5. Responsive arguments, together with all affidavits and other materials in opposition, and a movant's reply arguments may be served as provided by Civ.R. 6(C).  Summary judgment shall be rendered forthwith if the

pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.

{¶ 17} In *Hooten v. Safe Auto Ins. Co.*, 100 Ohio St.3d 8, 2003-Ohio-4829, 795 N.E.2d 648, ¶ 40, the Ohio Supreme Court held:

> In all cases, a trial court is under an obligation to allow time for a full and fair response before ruling on a motion for summary judgment, but a party opposing such a motion must be aware that any relevant local rules of court that set cutoff dates for the filing of a response or that set the date of the hearing cannot be ignored.

{¶ 18} With respect to local rules, Civ.R. 83(A) provides "[a] court may adopt local rules of practice which shall not be inconsistent with these rules * * *."

7.

{¶ 19} The Ohio Rules of Civil Procedure were amended on July 1, 2019, and established a uniform, statewide 28-day deadline for the filing of responses to motions for summary judgment, such that no local rules are pertinent. *See U.S. Bank Natl. Assn. as Tr. for Ownit Mtge. Loan Tr., Mtge. Loan Asset-Backed Certificates, Series 2006-4 v. Lewis*, 10th Dist. Franklin No. 18AP-550, 2019-Ohio-3014, ¶ 18.

{¶ 20} Upon review, we must note that the trial court, in its August 8, 2019 decision entering judgment to Kinn on two of the counterclaims, did not cite to any legal authority regarding summary judgment, and provided very limited reasoning. Further, the court did not include any language that it granted appellees' motion for summary judgment, that there were no genuine issues of material fact, that the moving party was entitled to judgment as a matter of law or that reasonable minds could come to one conclusion, which was adverse to the non-moving party. Had the trial court not referred to appellees' motion for summary judgment in the procedural history of its decision, we would not know on what legal basis appellees were granted a judgment on the counterclaims. Notwithstanding, we will refer to this decision as granting the motion for summary judgment.

{¶ 21} Turning to the issue raised by appellants, Civ.R. 6(C)(1) clearly provides a period of 28 days for the filing of a response to a motion for summary judgment, and no local rules apply to change this time period. Appellees filed their motion for summary judgment on July 25, 2019, and the trial court entered judgment in Kinn's favor and against Vernie Buerkle on the theft and fraud counterclaims on August 8, 2019, well

8.

before the 28-day period permitted for appellants to file a response to the motion for summary judgment. Since the court rendered its decision prior to the time appellants' response was due, we reverse the court's denial of appellants' motion for reconsideration with respect to the granting of the motion for summary judgment. We remand the case to the trial court in order to allow appellants the full time allowed to file a response, and for the court to consider that response before properly ruling on appellees' motion for summary judgment.

## Arguments—Second Issue

{¶ 22} Appellants claim the trial court erred in denying their motion for reconsideration and dismissing their claims for quiet title, declaratory judgment and tortious interference. Appellants assert "there is more than enough evidence in the record to create genuine issues of material fact preventing summary judgment dismissing * * *Appellants' claims and awarding * * * Appellees' [sic] judgment on their counterclaims." Appellants also contend their claims are based on solid, meritorious grounds "and the trial court erred in finding that no genuine issues of material fact existed to prevent summary judgment dismissing * * * Appellants' claims."

## Law and Analysis

{¶ 23} A review of the record shows the trial court, in its August 8, 2019 decision, dismissed appellants' claims for lack of prosecution, under Civ.R. 41(B), pursuant to appellees' "fil[ing] to dismiss." The court focused on appellants' failure to prosecute their claims, their history of ignoring court orders, their failure to appear for

9.

court-ordered conferences and their disregard of lesser sanctions. Following appellants'
filing of a motion for reconsideration, the court, on December 11, 2019, issued a
judgment entry denying the motion.

{¶ 24} Civ.R. 41(B) provides in relevant part:

(1) Failure to prosecute. Where the plaintiff fails to prosecute, or
comply with these rules or any court order, the court upon motion of a
defendant or on its own motion may, after notice to the plaintiff's counsel,
dismiss an action or claim.

* * *

(3) Adjudication on the Merits; Exception. A dismissal under
division (B) of this rule and any dismissal not provided for in this rule,
except as provided in division (B)(4) of this rule, operates as an
adjudication upon the merits unless the court, in its order for dismissal,
otherwise specifies.

{¶ 25} A dismissal for failure to prosecute is within the trial court's sound
discretion, and will not be reversed on appeal absent an abuse of discretion. *Quonset
Hut, Inc. v. Ford Motor Co.*, 80 Ohio St.3d 46, 47, 684 N.E.2d 319 (1997). Abuse of
discretion connotes more than an error of law or judgment, it implies the trial court's
decision was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*,
5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

10.

{¶ 26} Here, appellants do not contend the trial court erred in denying their motion for reconsideration because the court abused its discretion in dismissing their claims for failing to prosecute, nor do appellants claim the court prematurely ruled on the motion to dismiss such that appellants did not have the opportunity to oppose the motion. Instead, appellants argue that genuine issues of material fact exist which prevent summary judgment.

{¶ 27} We find the trial court clearly dismissed appellants' claims for lack of prosecution, under Civ.R. 41(B), in its August 8, 2019 decision. Accordingly, appellants' arguments that genuine issues of material fact exist which prevent summary judgment lack merit.

### Arguments—Third and Fourth Issues

{¶ 28} In light of our findings as to appellants' first and second issues, we find appellants' third and fourth arguments moot.

### Conclusion

{¶ 29} In light of the foregoing, appellants' sole assignment of error is well-taken, in part, and not well-taken, in part. Accordingly, the December 11, 2019 judgment of the Erie County Court of Common Pleas granting appellees' motion to dismiss is affirmed, and the judgment to appellee, Kinn, on appellees' motion for summary judgment on appellees' counterclaims is hereby reversed and remanded to the trial court with

11.

instructions to vacate this portion of the judgment. Appellants and appellees are ordered

to split the costs of this appeal, pursuant to App.R. 24.

Judgment affirmed, in part,
and reversed, in part.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27.
*See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J. _____

_____
JUDGE

Thomas J. Osowik, J. _____

_____
JUDGE

Christine E. Mayle, J. _____
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions. Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.