[Cite as *Johnson v. Stone*, 2021-Ohio-894.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

JERRY M. JOHNSON,

    PLAINTIFF-APPELLEE,               CASE NO.  1-20-31

    v.

R. JEFFREY. STONE, ET AL.,

                                     **O P I N I O N**

    DEFENDANTS-APPELLANTS.

---

**Appeal from Allen County Common Pleas Court**
**Trial Court No. CV 2019 0244**

**Judgment Affirmed**

**Date of Decision:   March 22, 2021**

---

**APPEARANCES:**

    *Steven L. Diller and Adam J. Motycka* **for Appellant**

    *J. Alan Smith and Dalton J. Smith* **for Appellee**

**SHAW, J.**

**{¶1}** Defendants-Appellants, R. Jeffrey Stone, et al., appeal the July 1, 2020 judgment of the Allen County Court of Common Pleas granting the motion for summary judgment filed by Plaintiff-Appellee, Jerry M. Johnson ("Johnson"). On appeal, Appellants claim the trial court erred in granting Johnson's motion for summary judgment prior to them filing a reply to Johnson's response to their cross-motion for summary judgment.

*Procedural Background*

**{¶2}** On July 25, 2019, Johnson filed a complaint seeking a creditor's bill, pursuant to R.C. 2333.01, individually against R. Jeffery Stone ("Stone) and against two entities affiliated with Stone, R.J. Stone Development Group, Inc. ("RJSDG") and Logan Landing Development Group ("Logan Landing"), to satisfy a judgment Johnson had previously obtained against Stone in the amount of $663,656.11.[1]

---

[1] "[A] creditor's bill is an action in equity by which a judgment creditor seeks to subject an interest of the judgment debtor that cannot be reached on execution to the payment of the creditor's existing judgment." *In re Estate of Mason*, 109 Ohio St. 3d 532, 2006-Ohio-3256, ¶ 18. Moreover, R.C. 2333.01 states:

> **When a judgment debtor does not have sufficient personal or real property subject to levy on execution to satisfy the judgment, any equitable interest which he has in real estate as mortgagor, mortgagee, or otherwise, or any interest he has in a banking, turnpike, bridge, or other joint-stock company, or in a money contract, claim, or chose in action, due or to become due to him, or in a judgment or order, or money, goods, or effects which he has in the possession of any person or body politic or corporate, shall be subject to the payment of the judgment by action.**

There are three elements to a claim for a creditor's bill under R.C. 2333.01: (1) the existence of a valid judgment against a debtor, (2) the existence of an interest in the debtor of the type enumerated in the statute, and (3) a showing that the debtor does not have sufficient assets to satisfy the judgment against him. *See Capital One Bank (USA), N.A. v. Caspary*, 7th Dist. Mahoning No. 17 MA 0092, 2018-Ohio-358, ¶ 11.

Johnson alleged that Stone did not have sufficient real or personal property to satisfy Johnson's judgment. Johnson claimed that Stone had repeatedly represented that he was a 50% shareholder of Logan Landing. Johnson alleged that this was an uncertified stock, and Stone's interest could not be physically levied upon by a writ of execution. Therefore, Johnson sought to have the value of the stock applied to the payment of his judgment via a creditor's bill.

{¶3} Stone subsequently filed an answer asserting that he is not a shareholder of Logan Landing, but that the entity is 100% owned by Bay Point Properties, LLC ("Bay Point"), of which Stone holds 50% of the membership interests, "and which as a result holds only equitable interest of 50% in Logan Landing Development Group, Inc." (Doc. No. 13 at ¶ 2).

{¶4} Thus, at issue between the parties in this litigation is the nature of Stone's ownership interest in Logan Landing and whether the value of that interest could be reached to satisfy Johnson's judgment against Stone through a creditor's bill. Notably, Stone consented to a creditor's bill against RJSDG, however, this asset was insufficient to satisfy Johnson's judgment.

{¶5} On May 1, 2020, the parties filed a Joint Motion for Extension of Time to File Summary Judgment, requesting the trial court grant them an additional thirty days to file motions for summary judgment. The trial court subsequently granted the motion.

{¶6} On June 1, 2020, Johnson filed a motion for summary judgment asserting that there is no genuine issue of material fact that he is entitled to collect his judgment against the equity of Stone's shares in Logan Landing via a creditor's bill. Specifically, Johnson maintained that Stone owned stock in Logan Landing based upon Stone's previous admissions, stipulations, and other documentation.

{¶7} On June 2, 2020, Stone filed a cross-motion for summary judgment in support of his position that Johnson is not entitled to a creditor's bill to reach the equity in Logan Landing because Stone is not a shareholder in Logan Landing, therefore, does not have any legal interest in the entity's assets.

{¶8} On June 17, 2020, Stone filed a response in opposition to Johnson's motion for summary judgment, asserting arguments identical to the ones stated in his cross-motion for summary judgment.

{¶9} On June 23, 2020, Johnson filed a reply in support of his motion for summary judgment.

{¶10} On June 29, 2020, Johnson filed a response in opposition to Stone's cross-motion for summary judgment.

{¶11} On July 1, 2020, the trial court issued an order granting Johnson's motion for summary judgment and denying Stone's cross-motion for summary judgment.

{¶12} Specifically, the trial court found that:

**There is no genuine issue of fact regarding whether or not plaintiff has a valid judgment against defendants in the amount of $663,656.11. Defendants admitted as much. Defendant Stone also admitted that he was a shareholder in Stone Development and admitted that he held an equitable interest of 50% in Logan Landing Development Group, Inc. (Logan Landing) by virtue of holding 50% of the membership interests of Bay Point Properties, LLC. Defendants pointed to evidence (tax returns) that showed Logan Landing was owned by Bay Point Properties, LLC. Stone admitted he was a member of Bay Point Properties, LLC and Bay Point Villas, LLC. Plaintiff pointed out that Stone acknowledged in his answer to the complaint in this case that he (Stone) was not in possession of any stock certificates for Logan Landing.**

**Defendants argued that since Logan Landing is wholly owned by Bay Point Properties LLC, plaintiff is not entitled to a creditor's bill versus Logan Landing. Defendants filed for a summary judgment in their favor that Stone had no interest in Logan Landing.**

**In this case, there was no deposition testimony. The testimony of Stone in another court case was filed and considered and reference was made to various statements made by Stone in pleadings. An affidavit from Stone that was filed in CV 2018 0427 was attached to plaintiff's response to defendants' motion. In that affidavit, Stone stated he held 50% of the equity interests in Bay Point Properties, LLC and Bay Point Villas, LLC and by virtue of such ownership that he also possessed the same interest in Logan Landing. Defendants have not sufficiently explained the contradictions made by Stone as to what he owns.**

**After reviewing the pleadings and proper Civ. R. 56 evidence in favor of the non-moving parties with respect to the two motions for summary judgment, and in light of the rules established by *Turner* and *Byrd*, the Court finds defendant Stone's contradictory evidence (created by himself) does not present a genuine issue of fact. The Court further finds that plaintiff has pointed to evidence that demonstrates that no genuine issue of fact remains as to the Plaintiff's proof of the three essential elements to succeed**

**on his complaint for a creditor's bill and that plaintiff is therefore entitled to summary judgment.**

(Doc. No. 32 at 6-7)(internal footnotes omitted).

{¶13} Appellants filed this appeal, asserting the following assignment of error.

**THE TRIAL COURT ERRED WHEN IT GRANTED JUDGMENT IN FAVOR OF APPELLEE ON JULY 1ST, 2020, THEREBY DEPRIVING APPELLANTS OF THE REMAINING SIX DAYS THEY HAD WITH WHICH TO FILE THEIR REPLY TO APPELLEE'S RESPONSE TO APPELLANTS' MOTION FOR SUMMARY JUDGMENT.**

{¶14} In their sole assignment of error, Appellants contend that the trial court erred in granting summary judgment before their time to file a reply in support their cross-motion for summary judgment had expired under Civ.R. 6, which provides that "[a] movant's reply to a response to any written motion may be served within seven days after service of the response to the motion." Civ.R. 6(C)(1). Thus, Appellants argue that the trial court deprived them of the opportunity to file a reply to Johnson's response in opposition to Stone's cross-motion for summary judgment.

{¶15} The record confirms that the trial court ruled on the motions for summary judgment before Appellants filed a reply in support of their cross-motion, however, Appellants fail to demonstrate on appeal how the timing of the trial court's ruling prejudiced their case. *Blanton v. Volunteers of Am.*, No. 1-77-16, at *4 (3d

Dist. Aug. 24, 1977) ("To demonstrate prejudicial error, an appeal requires an affirmative showing of prejudice.").

{¶16} Here, the record demonstrates that the parties' competing motions for summary judgment involved a very limited set of facts and that the arguments pertaining to this narrow issue were thoroughly presented, including in Appellants' cross-motion for summary judgment and their response in opposition to Johnson's motion for summary judgment. Despite their unsupported assertions in their brief speculating that "the factual findings and evidentiary conclusions of the trial court's judgment entry would have resulted in a different decision had they been given adequate time with which to file a reply brief," Appellants fail to articulate how the arguments they proposed to make in their reply would have been different than the arguments they had already made their in cross-motion for summary judgment and their response in opposition to Johnson's motion for summary judgment. (Appt. Br. at 9). In other words, Appellants have failed to establish on appeal that their reply in support would have added anything new for the trial court to consider, or included matters that could not have been raised in their cross-motion and their initial response to Johnson's motion for summary judgment.

{¶17} This notwithstanding, it is well settled that a party seeking summary judgment "must specifically delineate the basis upon which summary judgment is sought in order to allow the opposing party a meaningful opportunity to respond."

*Mitseff v. Wheeler*, 38 Ohio St.3d 112 (1988), syllabus. Accordingly, a movant cannot raise an issue for the first time in a reply memorandum in support of the motion for summary judgment because it deprives the non-movant of a meaningful opportunity to respond. *See Ware v. King*, 187 Ohio App.3d 291, 2010-Ohio-1637, ¶ 18 (3d Dist.) Moreover, the only case authority cited by Appellants in support of their argument on appeal is distinguishable, as that case involved a trial court ruling on a motion for summary judgment before the non-moving party had the opportunity to file an *initial* response to the motion for summary judgment. *See Buerkle v. Vanauken*, 6th Dist. Erie No. E-19-072, 2020-Ohio-5440.

{¶18} For all these reasons the assignment of error is overruled and the judgment of the Allen County Common Pleas Court is affirmed.

***Judgment Affirmed***

**ZIMMERMAN and MILLER, J.J., concur.**

**/jlr**