[Cite as *Henry Cty. Bank v. Toledo Radio, L.L.C.*, 2022-Ohio-1360.]

## IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HENRY COUNTY

THE HENRY COUNTY BANK,

    PLAINTIFF-APPELLEE,                CASE NO. 7-21-09

    v.

TOLEDO RADIO, LLC, ET AL.,

    DEFENDANTS-APPELLEES,

  -and-                           O P I N I O N

JAMES MCRITCHIE,

    DEFENDANT-APPELLANT.

Appeal from Henry County Common Pleas Court
Trial Court No. 19 CV 0018

**Judgment Reversed and Cause Remanded**

**Date of Decision: April 25, 2022**

APPEARANCES:

    *R. Ethan Davis* and *Marvin A. Robon* for Appellant

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant James E. McRitchie ("McRitchie") appeals the judgment of the Henry County Court of Common Pleas, alleging that the trial court failed to comply with the Local Rules of Court and the Ohio Rules of Civil Procedure in rendering a decision on a motion. For the reasons set forth below, the judgment of the trial court is reversed.

*Facts and Procedural History*

{¶2} McRitchie was a member of Toledo Radio, LLC ("TRL"). Doc. 1, Ex. A. On December 9, 2009, TRL executed a promissory note under which it borrowed $1.3 million from The Henry County Bank ("HCB"). Doc. 1, Ex. A. On February 21, 2019, HCB filed a cognovit complaint that named a number of defendants, including TRL and McRitchie. Doc. 1. HCB alleged that the defendants were in default on the promissory note. Doc. 1. On February 21, 2019, the trial court issued a judgment entry that ordered the defendants to pay HCB an amount in excess of $500,000.00. Doc. 3.

{¶3} On November 29, 2021, McRitchie filed a Civ.R. 60(B) motion to modify the judgment amount and stay collection proceedings with the trial court. Doc. 12. The motion represented that HCB had been electronically served with this motion on November 24, 2021. Doc. 12. On November 30, 2021, HCB filed a memorandum in opposition to McRitchie's Civ.R. 60(B) motion. Doc. 13. On December 6, 2021, the trial court denied McRitchie's Civ.R. 60(B) motion. Doc.

15. On December 17, 2021, McRitchie's attorney filed an affidavit that stated he had not yet received HCB's memorandum in opposition by the time that the trial court issued its ruling and that McRitchie was not given an opportunity to file a reply. Doc. 16.

*Assignment of Error*

**{¶4}** McRitchie filed his notice of appeal on December 22, 2021. Doc. 17. On appeal, he raises the following assignment of error:

> **The Trial Court erred and abused its discretion in ruling upon and denying appellant's motion to modify judgment and to stay collection proceedings before the allotted time for Appellant to file his reply brief had expired.**

*Legal Standard*

**{¶5}** Under Civ.R. 6(C)(1), "[r]esponses to a written motion, other than motions for summary judgment, may be served within fourteen days after service of the motion." Civ.R. 6(C)(1). In turn, "[a] movant's reply to a response to any written motion may be served within seven days after service of the response to the motion." Civ.R. 6(C)(1).[1] Civ.R. 6(A) governs the computation of time:

> **In computing any period of time prescribed or allowed by these rules, by the local rules of any court, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, in which event the**

---

[1] The appellant also directs our attention to the Henry County Court of Common Pleas Local Rule 4.03(F)(1). However, since Local Rule 4.03(F)(1) is identical to Civ.R. 6(C)(1), it is not quoted in this section. Local Rule 4.03(F)(1); Civ.R. 6(C)(1).

**period runs until the end of the next day which is not a Saturday, a Sunday, or a legal holiday.**

Civ.R. 6(A). Civ.R. 6 reflects the fact that "[f]undamental due process principles require that each party have the opportunity to be heard prior to a trial court rendering a decision." *Equable Ascent Fin. v. Ybarra*, 9th Dist. Lorain No. 12CA010190, 2013-Ohio-4282, ¶ 6.

*Legal Analysis*

**{¶6}** In this case, HCB filed its memorandum in opposition to his motion to modify the judgment on November 30, 2021. Doc. 13. The trial court then issued a decision denying McRitchie's motion only six days later. Doc. 15. This ruling was not issued in accordance with the time limits set forth in Civ.R. 6(C)(1) or Local Rule 4.03(F)(1). McRitchie argues that this failure to comply with the applicable time limits constitutes reversible error.

**{¶7}** In *Johnson v. Stone*, 3d Dist. Allen No. 1-20-31, 2021-Ohio-894, this Court considered a case in which the trial court failed to give a movant seven days to file a reply to a memorandum in opposition to summary judgment. *Id.* at ¶ 15. After the movant appealed this issue, we found that the trial court's action did not constitute reversible error because the movant "fail[ed] to demonstrate on appeal how the timing of the trial court's ruling prejudiced their case." *Id.*

**{¶8}** However, the wording of our prior opinion makes clear that the holding in *Johnson* was applicable to a very specific set of circumstances. The trial court

-4-

was presented with a motion for summary judgment in a case that had "a very limited set of facts * * *." *Johnson* ¶ 16. Further, each of the parties filed a motion for summary judgment and a response to summary judgment. *Id*. Thus, in *Johnson*, "the arguments pertaining to this narrow issue were thoroughly presented * * *." *Id*.

**{¶9}** In the case presently before this Court, the trial court issued a decision on a Civ.R. 60(B) motion, which is subject to an abuse of discretion standard on appeal. *Simindinger v. Meeker*, 3d Dist. Paulding No. 11-21-02, 2021-Ohio-3274, ¶ 13. In *Johnson*, the trial court issued a decision on a motion for summary judgment, which is subject to a de novo standard of review on appeal. *Johnson, supra*, at ¶ 11. *Kent v. Motorists Mut. Ins. Co*., 3d Dist. Logan No. 8-21-44, 2022-Ohio-1136, ¶ 7. The movant in *Johnson* could have raised the arguments he would have included in his trial court reply to be reviewed de novo on appeal but chose not to raise these arguments before this Court. *Johnson, supra*, at ¶ 13.

**{¶10}** Finally, we note that HCB did not file an appellee's brief in this appeal. App.R. 18(C) states that

> **[i]f an appellee fails to file the appellee's brief within the time provided by this rule, * * * [then,] in determining the appeal, the court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action.**

App.R. 18(C). Having examined the materials in the record and the arguments raised on appeal, we conclude that McRitchie's brief "reasonably appears to sustain" a reversal under the facts and circumstances that are present in this case.

{¶11} For the foregoing reasons, we conclude that the trial court failed to comply with the procedures set forth in Civ.R. 6(C)(1) and Local Rule 4.03(F)(1) in rendering a decision on McRitchie's Civ.R. 60(B) motion. *See Upper Arlington School District Board of Education v. Upper Arlington Building Department*, 10th Dist. Franklin No. 20AP-576, 2021-Ohio-3718, ¶ 39; *County Risk Sharing Authority, Inc. v. State*, 11th Dist. Geauga No. 2021-G-0014, 2022-Ohio-164, ¶ 10. Accordingly, we remand this cause of action to the trial court to allow McRitchie the opportunity to file a reply. The sole assignment of error is sustained.

*Conclusion*

{¶12} Having found error prejudicial to the appellant in the particulars assigned and argued, the judgment of the Henry County Court of Common Pleas is reversed. This cause is remanded to the trial court for further proceedings that are consistent with this opinion.

*Judgment Reversed*
*And Cause Remanded*

**MILLER and SHAW, J.J., concur.**

**/hls**