DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Defendant-Appellant Slobodan Majkic has appealed from the judgment of the Akron Municipal Court which granted Plaintiff-Appellee CACV of Colorado's motion for summary judgment. This Court affirms in part and reverses in part.
 I {¶ 2} On September 23, 2006, Appellee filed suit against Appellant claiming that it was the holder of a credit card account and that Appellant was in default on the account. Appellant answered the complaint and the matter proceeded to discovery. On November 21, 2006, Appellant moved for summary *Page 2 
judgment. On November 29, 2006, Appellee moved for leave to file a motion for summary judgment and filed its motion for summary judgment. On November 30, 2006, the trial court granted Appellee's motion for leave and Appellee's motion for summary judgment. Appellant has timely appealed the trial court's judgment, raising two assignments of error for review.
 II Assignment of Error Number One "THE TRIAL COURT GRANTED SUMMARY JUDGMENT PRIOR TO WHEN DEFENDANT/APPELLANT'S RESPONSE WAS DUE TO BE FILED[.]"
 {¶ 3} In his first assignment of error, Appellant has argued that the trial court erred when it failed to follow the civil rules. Specifically, Appellant has asserted that he was not afforded an opportunity to respond to Appellee's motion for summary judgment. This Court agrees.
 {¶ 4} "However hurried a court may be in its efforts to reach the merits of a controversy, the integrity of procedural rules is dependent upon consistent enforcement because the only fair and reasonable alternative thereto is complete abandonment." Gibson-Myers Associates,Inc. v. Pearce (Oct. 27, 1999), 9th Dist. No. 19358, at *4, quotingMiller v. Lint (1980), 62 Ohio St.2d 209, 215. A trial court, therefore, commits reversible error when it ignores the response time created by the Ohio Rules of Civil Procedure. Pearce, supra, at *4 (applying the *Page 3 
above rule to Summit Cty. Loc.R. 7.14), citing In re Foreclosure ofLiens for Delinquent Taxes (1992), 79 Ohio App.3d 766, 771-72.
 {¶ 5} This Court has specifically held that the failure to grant a party the time to respond to a motion for summary judgment is reversible error. Willis Linnen Co., L.P.A. v. Linnen, 163 Ohio App.3d 400,2005-Ohio-4934, at ¶ 28-30. Moreover, this Court has only excused this requirement when the party opposing the motion had not appeared in the action and was therefore not entitled to notice of the motion. See, e.g.L.S. Industries v. Coe, 9th Dist. No. 22603, 2005-Ohio-6736. We are not confronted with the facts present in Coe. Specifically, Appellant has not only appeared in this action, he has filed his own motion for summary judgment.
 {¶ 6} "In the end, a trial court must follow the Ohio Rules of Civil Procedure and its local rules. The non-moving party must be given time to present its arguments, regardless of their merit. Neither has occurred in the instant action." Pearce, supra, at *5. Accordingly, Appellant's first assignment of error has merit.
 Assignment of Error Number Two "THE TRIAL COURT ABUSED ITS DISCRETION IN NOT STRIKING PLAINTIFF'S MOTION FOR LEAVE TO FILE FOR SUMMARY JUDGMENT[.]" *Page 4 
 {¶ 7} In his second assignment of error, Appellant has argued that the trial court erred in denying his motion to strike Appellee's motion for summary judgment. We disagree.
 {¶ 8} Absent additional pending claims, a trial court's granting of a motion for summary judgment is a final judgment. See Avon Lake SheetMetal Co., Inc. v. Huntington Environmental Systems, Inc., 9th Dist. No. 03CA008393, 2004-Ohio-5957, at ¶ 11. "The Ohio Rules of Civil Procedure do not prescribe motions for reconsideration after a final judgment in the trial court." Pitts v. Ohio Dept. of Transp. (1981),67 Ohio St.2d 378, paragraph one of the syllabus. Accordingly, "motions for reconsideration of a final judgment in the trial court are a nullity." Id. at 379.
 {¶ 9} In the instant matter, Appellant did not file his motion to strike until after the trial court had granted summary judgment in favor of Appellee. As such, Appellant's motion requested that the trial court reconsider a final judgment and therefore was a nullity. Accordingly, there can be no error in the trial court's denial of such a motion. Appellant's second assignment of error lacks merit.
III {¶ 10} Appellant's first assignment of error is sustained. Appellant's second assignment of error is overruled. The judgment of the Akron Municipal *Page 5 
Court is affirmed in part, reversed in part, and the cause remanded for further proceedings consistent with this opinion.
Judgment affirmed in part, reversed in part, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to both parties equally.
BETH WHITMORE
 FOR THE COURT *Page 6 
SLABY, P. J.
CARR, J.
 CONCUR *Page 1