[Cite as *In re K.M.*, 2019-Ohio-3218.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| COUNTY OF WAYNE | )ss: | | NINTH JUDICIAL DISTRICT |
| | ) | | |

IN RE: K.M.

C.A. No.     19AP0008

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF WAYNE, OHIO
CASE No.     2016 JUV-C 000739

DECISION AND JOURNAL ENTRY

Dated: August 12, 2019

SCHAFER, Judge.

{¶1}     Appellant, L.R. ("Aunt"), appeals from a decision of the Wayne County Court of Common Pleas, Juvenile Division, that denied her motion for relief from judgment. This Court affirms.

I.

{¶2}     Aunt is a paternal aunt of K.M., born June 1, 2016. K.M. was removed from the custody of his parents shortly after birth. Wayne County Children Services Board ("CSB") already had open cases with the child's older siblings and the parents were continuing to struggle with substance abuse and domestic violence in the home. None of the older siblings are parties to this appeal and the parents have not appealed from the trial court's judgment.

{¶3}     K.M. was later adjudicated a dependent child and placed in the temporary custody of CSB. Early in this case, Aunt contacted CSB as a potential relative placement for the child. Aunt's Columbus home initially was not approved for placement, however, because of the

criminal background search of Aunt and her husband. Because CSB found no suitable relative for placement for the child, K.M. remained in the same foster home.

{¶4} Aunt twice moved to intervene as a party in this case. The trial court denied both of her motions and Aunt did not file a timely appeal from either trial court decision. Instead, Aunt continued to pursue placement or legal custody of K.M. Aunt's home was eventually approved for placement because of a change in the law and the time that had passed since the most recent conviction. Aunt and her husband began having unsupervised visits with K.M.

{¶5} Ultimately, the matter proceeded to a hearing before a magistrate on the motion of the foster parents for legal custody of the child and Aunt's competing motion for "Allocation of Parental Rights and Responsibilities." Following the hearing, the magistrate decided that the child would be placed in the legal custody of the foster parents and that Aunt would receive visitation rights with the child, including at least one full weekend per month and at least two non-consecutive weeks during the summer months.

{¶6} Aunt filed a brief objection to the magistrate's decision and requested leave to supplement her objection after the transcript of proceedings was filed. After the transcript of proceedings was filed on December 7, 2018, however, Aunt did not timely file a brief to supplement her objections. *See* Loc.R. 12(C) of the County Court of Common Pleas of Wayne County, Juvenile Division. The foster parents filed a motion to dismiss Aunt's objections, which was granted by the trial court on December 27, 2018.

{¶7} Aunt did not appeal the dismissal of her objections and the trial court's independent judgment that placed K.M. in the legal custody of the foster parents. Instead, she filed a post-judgment motion in the trial court, requesting, among other things, Civ.R. 60(B) relief from the trial court's December 27 judgment. On January 9, 2019, the trial court denied

her motion, finding that she had failed to demonstrate grounds for relief under Civ.R. 60(B). Aunt appeals from the January 9 judgment and raises two assignments of error.

## II.

### ASSIGNMENT OF ERROR I

THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING THE PATERNAL AUNT'S MOTION FOR RELIEF PURSUANT TO [Civ.R.] 60(B).

{¶8}    Aunt's first assignment of error is that the trial court erred in denying her motion for relief from judgment under Civ.R. 60(B).  Although Aunt requested several alternative forms of relief in her post-judgment motion, "[t]he procedure for obtaining any relief from a judgment shall be by motion as prescribed in [the Ohio Civil] rules."  Civ.R. 60(B).  A trial court has authority to provide relief from a final judgment only "by means of Civ.R. 50(B) (motion notwithstanding the verdict), Civ.R. 59 (motion for a new trial), and Civ.R. 60(B) (motion for relief from judgment)."  *Pitts v. Ohio Dept. of Transp*., 67 Ohio St.2d 378, 380 (1981).

{¶9}    The only proper motion filed by Aunt was a motion for relief from judgment under Civ.R. 60(B).  To prevail on a Civ.R. 60(B) motion to vacate judgment, a movant must demonstrate: (1) a meritorious defense or claim to present if relief is granted; (2) that he is entitled to relief under one of the grounds stated in Civ.R. 60(B); and (3) that the motion is made within a reasonable time.  *GTE Automatic Elec., Inc. v. ARC Industries, Inc.,* 47 Ohio St.2d 146, 150 (1976).  The determination of whether relief should be granted is within the sound discretion of the trial court.  *Griffey v. Rajan*, 33 Ohio St.3d 75, 77 (1987).

{¶10} Aunt failed to establish two of the requirements of *GTE Automatic Elec.,* however: grounds for relief under Civ.R. 60(B) and a meritorious defense.  Aunt premised her motion on Civ.R. 60(B)(1), asserting that her trial counsel's failure to timely supplement her objections constituted excusable neglect.  Specifically, she asserted that her counsel missed the

filing deadline due to her mistake in failing to place the correct filing deadline on her calendar. She also claimed that the press of business and upcoming holidays added to the confusion.

{¶11} The press of business does not constitute "excusable neglect" for missing a filing deadline. *Cooley v. Sherman*, 9th Dist. Lorain No. 05CA008860, 2006-Ohio-6065, ¶ 15. Counsel should have been aware of the deadline, as the clerk's office gave her notice of the filing of the transcript and, pursuant to Loc.R. 12(C) of the County Court of Common Pleas of Wayne County, Juvenile Division, the supplement to her objections was due 14 days from that date. Aunt's counsel offered no reasonable explanation for missing the deadline except that she had failed to keep track of the due date. She also cited no authority for her argument that missing a filing deadline, absent extenuating circumstances, constitutes excusable neglect under Civ.R. 60(B)(1). *Compare Kay v. Marc Glassman, Inc.*, 76 Ohio St.3d 18, 20-21 (holding that counsel may have demonstrated excusable neglect for missing a filing deadline by submitting the prepared pleading as well as affidavits of several witnesses that the pleading had been timely prepared but was inadvertently misplaced in a file drawer during a time that the firm was reorganizing its accounting system). Aunt did not support her Civ.R. 60(B) motion with any evidence of extenuating circumstances. Moreover, she filed her motion 10 days after the missed 14-day deadline, yet did not submit, or purport to have prepared, a brief to supplement the objections.

{¶12} Moreover, Aunt failed to argue or demonstrate that she had a meritorious defense to present if she would have been permitted to supplement her objections. She devotes most of her argument to challenging prior decisions of the trial court that are not properly before us in this appeal. She also makes procedural arguments about the legal custody hearing that are not supported by the record. Aunt has failed to argue or demonstrate that the trial court would have

sustained her objections if she had been permitted to file a brief to supplement her objections. In fact, Aunt does not point to any evidence to demonstrate that legal custody to Aunt, rather than to the foster parents, would be in the best interest of K.M.

{¶13} Consequently, Aunt has failed to demonstrate that the trial court abused its discretion by denying her motion for relief from judgment. Aunt's first assignment of error is overruled.

ASSIGNMENT OF ERROR II

THE TRIAL COURT FAILED TO UNDERTAKE AN INDEPENDENT REVIEW AS TO THE OBJECTED MATTERS RAISED IN THE APPELLANT'S OBJECTIONS TO THE MAGISTRATE'S DECISION FILED ON OCTOBER 15, 2018.

{¶14} Aunt's second assignment of error is that the trial court erred in failing to independently review the issues raised in her objections to the magistrate's decision. Although the foster parents argue that Aunt did not appeal from the trial court's December 27 judgment that dismissed her objections and refused to rule on their merits, Aunt does not challenge that judgment.

{¶15} Instead, Aunt refers to language in the trial court's January 9 judgment that denied her motion for relief from judgment and two other post-judgment requests for relief, including a motion for reconsideration. Aunt challenges portions of the trial court's reasoning in denying her motion for reconsideration. Specifically, she refers to the trial court's conclusions that the substance of Aunt's objections disputed only "factual" findings and that, even if the court had not dismissed Aunt's objections, it conducted an "independent review of the record," and found Aunt's objections to lack merit.

{¶16} Although the trial court issued a detailed ruling when it denied Aunt's motion for reconsideration, that motion was not properly before the court. It is well settled that a motion for

reconsideration of a final judgment is a nullity, as the rules of civil procedure do not provide for such relief. *Pitts*, 67 Ohio St.2d at 379-380. Because the trial court lacked jurisdiction to consider Aunt's motion for reconsideration, there can be no reversible error in its decision to deny the motion. *See*, *e.g*., *CACV of Colorado, LLC v. Majkic*, 9th Dist. Summit No. 23552, 2007-Ohio-2890, ¶ 9. Aunt's second assignment of error is overruled.

II.

**{¶17}** Aunt's first and second assignments of error are overruled. The judgment of the Wayne County Court of Common Pleas, Juvenile Division, is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JULIE A. SCHAFER
FOR THE COURT

CALLAHAN, P. J.
<u>CONCURS.</u>

CARR, J.
<u>CONCURS IN JUDGMENT ONLY.</u>

<u>APPEARANCES:</u>

REBECCA A. CLARK, Attorney at Law, for Appellant.

NORMAN R. MILLER, JR., Attorney at Law, for Appellee.