[Cite as *State v. McAusland*, 2022-Ohio-37.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

STATE OF OHIO

    Appellee

    v.

JAMES MCAUSLAND

    Appellant

C.A. No.     20CA011665

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    93CR043678

DECISION AND JOURNAL ENTRY

Dated: January 10, 2022

CARR, Presiding Judge.

{¶1}    Defendant-Appellant James McAusland appeals the judgment of the Lorain County Court of Common Pleas denying his motion to withdraw his guilty plea. This Court affirms.

I.

{¶2}    In 1993, McAusland, a non-U.S. citizen, was indicted in two separate cases: 93CR043678, involving a burglary charge, and 93CR044150, involving charges of gross sexual imposition and felonious sexual penetration. McAusland pleaded guilty in both cases in 1993 but later withdrew his pleas. He again pleaded guilty in 1994 to one count of burglary in case 93CR043678 and to one count of gross sexual imposition and one count of attempted felonious sexual penetration in case 93CR044150. He was sentenced accordingly. McAusland was terminated from probation in 1998.

{¶3} In September 2019, McAusland was arrested by officials from the United States Customs and Immigration Enforcement and informed that he was subject to deportation based upon his 1994 convictions. Removal proceedings were commenced and on December 18, 2019, McAusland was ordered removed from the United States. On January 16, 2020, McAusland initiated an appeal of that decision.

{¶4} On January 21, 2020, McAusland filed a motion to withdraw his pleas based upon R.C. 2943.031 and Crim.R. 32.1; both case numbers were listed on the motion. McAusland's motion was premised on the trial court's failure to provide the advisements required by R.C. 2943.031 and his trial counsel's failure to inform McAusland of the immigration consequences of his pleas. The State opposed the motion. The State did not dispute that McAusland was not a citizen, that the advisement pursuant to R.C. 2943.031(A) was required, or that the record of the plea hearing was destroyed pursuant to the clerk of courts' retention policy. Nonetheless, the State argued that McAusland should not be allowed to withdraw his pleas. A single hearing was held on the motion. While no witnesses were called, argument was presented, and exhibits were admitted into evidence. In addition, it appears, based upon the trial court's judgment entry, certain concessions may have been made by counsel at the hearing. Thereafter, the trial court issued a detailed entry denying McAusland's motion. In the entry, the trial court cited to, and quoted from, the hearing transcript.

{¶5} McAusland filed a single notice of appeal as to both case numbers. This Court concluded that the notice of appeal was sufficient to perfect an appeal from the trial court's order only as to case 93CR043678. *State v. McAusland*, 9th Dist. Lorain No. 20CA011665 (Sept. 17, 2020). The appeal from case 93CR044150 was dismissed. *Id.* Accordingly, only case

93CR043678 is properly before us. McAusland has raised four assignments of error for our review.

II.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED IN DENYING DEFENDANT/APPELLANT'S MOTION TO WITHDRAW GUILTY PLEA FOR LACK OF TIMELINESS.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED IN PLACING HEIGHTENED FOCUS ON THE FACTOR OF PREJUDICE TO THE STATE.

## ASSIGNMENT OF ERROR III

THE COURT ERRED IN FINDING THAT APPELLANT DID NOT ESTABLISH A REASONABLE PROBABILITY THAT, BUT FOR HIS LAWYER'S ERRORS, HE WOULD NOT HAVE PLEADED GUILTY.

## ASSIGNMENT OF ERROR IV

THE TRIAL COURT ERRED BY NOT COMPLYING WITH OHIO CRIMINAL RULE 32.1.

{¶6} McAusland argues in his four assignments of error that the trial court erred in various ways in denying his motion to withdraw his guilty plea. Unfortunately, we do not reach the merits of his arguments as the transcript of the hearing is not in this Court's record.

{¶7} Each of McAusland's arguments requires review of the transcript of the hearing. The importance of the hearing to the trial court in resolving McAusland's motion is evidenced by the fact that the trial court both quoted from, and cited to, the transcript[1] of that hearing multiple times in its judgment entry. "[I]t is the obligation of the appellant to ensure that the proceedings the appellant considers necessary for inclusion in the record, however those proceedings were

---

[1] The trial court indicated in its judgment entry that it had a draft transcript prepared of the hearing for it to utilize in issuing its judgment. No official or draft transcript is in this Court's record.

recorded, are transcribed in a form that meets the specifications of App. R. 9(B)(6)." App.R. 9(B)(1). "When an appellant fails to provide a complete and proper transcript, a reviewing court will presume the regularity of the proceedings in the trial court and affirm." (Internal quotations and citations omitted.) *State v. Tinley*, 9th Dist. Medina No. 17CA0062-M, 2018-Ohio-2239, ¶ 6.

{¶8}  Because the transcript of the hearing on McAusland's motion is not included in the record on appeal, we are unable to review the merits of his arguments and are required to presume regularity and affirm the trial court's judgment. *See id.* at ¶ 8.

{¶9}  McAusland's assignments of error are overruled.

III.

{¶10} McAusland's assignments of error are overruled.  The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
DONNA J. CARR
FOR THE COURT

CALLAHAN, J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

PATRICK ESPINOSA, Attorney at Law, for Appellant.

J.D. TOMLINSON, Prosecuting Attorney, and BRIAN P. MURPHY, Assistant Prosecuting Attorney, for Appellee.