[Cite as *Sellers-Smith v. Smith*, 2023-Ohio-1022.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

TINA L. SELLERS-SMITH

    Appellee

    v.

RICHARD L. SMITH

    Appellant

C.A. No.     30158

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    DR-2020-05-1046

DECISION AND JOURNAL ENTRY

Dated: March 29, 2023

FLAGG LANZINGER, Judge.

{¶1} Richard Smith ("Husband") appeals from the judgment of the Summit County Court of Common Pleas, Domestic Relations Division. For the following reasons, this Court reverses and remands the matter for further proceedings.

I.

{¶2} Husband and Tina Sellers-Smith ("Wife") were married in 1995 and had three children together, one of whom is still a minor. In May 2020, Wife filed a complaint for legal separation. In June 2020, Husband filed an answer and a counterclaim for divorce.

{¶3} In January 2021, with leave of court, Wife filed an amended complaint for divorce. The trial court set certain temporary orders and the matter proceeded to a final hearing on June 9, 2021. During the final hearing, the parties reached a purported in-court settlement agreement, the terms of which were read into the record. On July 12, 2021, Wife submitted a proposed separation

agreement and a proposed shared parenting plan to Husband. There is no dispute that Wife did not submit a proposed divorce decree to Husband.

{¶4} On July 19, 2021, Husband filed preliminary objections to Wife's proposed separation agreement and proposed shared parenting plan, summarily asserting that those documents were inconsistent with the parties' agreement. That same day, Husband's counsel moved for an extension of time to supplement Husband's objections, asserting that he was recently retained as counsel, and that he needed additional time to obtain the file and properly respond to Wife's proposed documents. The trial court docket does not reflect that Husband filed supplemental objections. While the docket reflects that the trial court held a status conference on August 17, 2021, it does not reflect that the trial court held an evidentiary hearing on Husband's objections, nor does it reflect any formal ruling in that regard.

{¶5} On September 23, 2021, Wife filed a motion to adopt her proposed divorce decree, proposed separation agreement, and proposed shared parenting plan. In her motion to adopt, Wife acknowledged that the proposed documents she filed contemporaneously with her motion to adopt included revisions to the previously submitted proposed documents. More specifically, Wife indicated that the documents attached to her motion to adopt included a provision related to her Social Security benefits, and also included a list of personal property as an attachment. The docket reflects that Wife filed her motion to adopt at 8:36 a.m., and that the trial court adopted it at 3:28 p.m. that same day.

{¶6} On October 5, 2021, Husband filed a motion to vacate the trial court's September 23, 2021, judgment entry. Husband asserted that he never received a copy of the proposed divorce decree prior to Wife filing it on September 23, 2021, and that Wife's newly proposed separation agreement contained modifications from the previously proposed separation agreement that Wife

sent to him on July 12, 2021. Husband argued that, under Local Rule 28 of the Summit County Court of Common Pleas, Domestic Relations Division, he was entitled to seven days after the filing of Wife's motion to adopt within which to approve or reject Wife's proposed documents. Husband argued that the trial court failed to afford him the opportunity to do so because the trial court adopted Wife's proposed documents within hours of their filing. Husband, therefore, requested that the trial court vacate its September 23, 2021, judgment entry.

{¶7} On October 21, 2021, while Husband's motion to vacate remained pending with the trial court, Husband filed the instant appeal in this Court regarding the trial court's September 23, 2021, judgment entry. On November 2, 2021, the trial court denied Husband's motion to vacate. Husband then filed a separate notice of appeal (C.A. No. 30187) with this Court to challenge the trial court's denial of his motion to vacate. On December 27, 2021, this Court dismissed Husband's attempted appeal for lack of jurisdiction, concluding that the trial court's November 2, 2021, judgment entry was void because the trial court issued it while an appeal was pending with this Court without a remand. The instant appeal remains pending, and Husband has raised three assignments of error for this Court's review.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION BY ADOPTING THE APPELLEE'S PROPOSED JUDGMENT ENTRY OF DIVORCE IN VIOLATION OF LOCAL RULE 28.01 AND THE APPELLANT'S RIGHT TO DUE PROCESS.

{¶8} In his first assignment of error, Husband argues that the trial court abused its discretion by adopting Wife's proposed divorce decree, proposed separation agreement, and proposed shared parenting plan without affording him the opportunity to approve or reject Wife's

proposed documents, which deprived him of his constitutional right to due process. For the following reasons, this Court sustains Husband's first assignment of error.

{¶9} This Court has explained that "[l]ocal rules are of a court's own making—not substantive principles of law—and there is generally no error if a court exercises its discretion to deviate from its rules in a particular case." *J.P. v. M.H.*, 9th Dist. Lorain No. 18CA011450, 2020-Ohio-13, ¶ 10, citing *Schmitt v. Ward*, 9th Dist. Summit No. 27805, 2016-Ohio-5693, ¶ 13; *see Radcliff v. Tucker*, 9th Dist. Summit No. 28072, 2016-Ohio-5908, ¶ 9 (noting that this Court reviews a trial court's application of its local rules for an abuse of discretion). If, however, the "trial court's failure to comply with local rules implicates issues of due process, depriving a party of a 'reasonable opportunity to defend' against the disposition of the case in favor of the other party, the trial court is bound to comply with its local rules." *Wallner v. Thorne*, 189 Ohio App.3d 161, 2010-Ohio-2146, ¶ 21 (9th Dist.).

{¶10} Local Rule 28.01 of the Summit County Court of Common Pleas, Domestic Relations Division, provides that a court "may order either party to prepare the judgment entry[,]" and that, if so ordered, "the party shall prepare a proper judgment entry and submit it to the opposing party within 14 days, unless the time is extended by the court." Loc.R. 28.01(A) of the Summit County Court of Common Pleas, Domestic Relations Division. It also provides, in relevant part, that "[t]he opposing party shall have seven days in which to approve or reject the judgment entry." *Id.* Local Rule 28.02 requires that "[a]ll judgment entries and orders [prepared by attorneys/parties] shall be signed by both attorneys of record * * *."

{¶11} Here, the trial court adopted Wife's proposed documents, including the proposed divorce decree and the proposed separation agreement, within eight hours of their filing. There is no dispute that Wife did not send Husband the proposed divorce decree prior to its filing, nor is

there any dispute that the proposed separation agreement Wife filed on September 23, 2021, contained modifications from the proposed separation agreement Wife previously sent to Husband on July 12, 2021. Additionally, neither the proposed divorce decree nor the proposed separation agreement contained the signature of Husband or his counsel. In fact, the signature line on the proposed divorce decree specifically indicated that it was "[s]ubmitted 7/12/21 but not approved" by Husband's counsel. As noted, there is no dispute that Wife did not submit the proposed divorce decree to Husband or his counsel on July 12, 2021.

**{¶12}** While Wife asserts that Husband did not suffer any prejudice as a result of the trial court's adoption of her proposed documents, the fact remains that the trial court's action deprived Husband of the opportunity to approve or reject Wife's proposed divorce decree and proposed separation agreement prior to the trial court adopting those documents as its own, final judgment entry. Under the circumstances presented in this case, this Court concludes that the trial court erred by not affording Husband seven days within which to approve or reject Wife's proposed documents, as provided for under Local Rule 28.01. *See Henry Cnty. Bank v. Toledo Radio, LLC*, 3d Dist. Henry No. 7-21-09, 2022-Ohio-1360, ¶ 4, 11 (holding that the trial court committed reversible error by ruling on a motion before the appellant had the opportunity to file a reply brief, which contravened the applicable civil and local rules); *see also CACV of Colorado, LLC v. Majkic*, 9th Dist. Summit No. 23552, 2007-Ohio-2890, ¶ 4, quoting *Miller v. Lint*, 62 Ohio St.2d 209, 215 (1980) (addressing the Ohio Rules of Civil Procedure and proving that, "[h]owever hurried a court may be in its efforts to reach the merits of a controversy, the integrity of procedural rules is dependent upon consistent enforcement because the only fair and reasonable alternative thereto is complete abandonment."). Husband's first assignment of error is sustained on that basis.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION BY FAILING TO DEFINE THE TERM ON THE MARRIAGE RESULTING IN INEQUITABLE DIVISION OF PROPERTY.

ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION IN ADOPTING A SEPARATION AGREEMENT THAT FAILS TO SET FORTH THE TERMS AND CONDITIONS OF THE JUNE 9, 2021 IN-COURT AGREEMENT.

{¶13} In light of this Court's disposition of Husband's first assignment of error, Husband's remaining assignments of error are premature at this time and are overruled on that basis.

III.

{¶14} Husband's first assignment of error is sustained. Husband's second and third assignments of error are overruled on the basis that they are premature. The judgment of the Summit County Court of Common Pleas, Domestic Relations Division, is reversed, and the cause is remanded for further proceedings consistent with this decision.

Judgment reversed,
and cause remanded.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period

for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

_____
JILL FLAGG LANZINGER
FOR THE COURT

STEVENSON, J.
CONCURS.

CARR, P. J.
DISSENTING.

{¶15} I respectfully dissent from the judgment of the majority, as I would conclude that Husband failed to demonstrate reversible error. "Even if this Court were to assume that the trial court failed to follow its own local rule and that such failure constituted error, [Husband] has the burden, not only of showing error, but of showing prejudice resulting from that error." *In re J.B.*, 9th Dist. Medina Nos. 03CA0024-M, 03CA0025-M, 2003-Ohio-4786, ¶ 16. Husband has failed to meet that burden.

{¶16} Further, Husband has failed to include a transcript of the status conference at which he asserts his objections were argued. "[I]t is the obligation of the appellant to ensure that the proceedings the appellant considers necessary for inclusion in the record, however those proceedings were recorded, are transcribed in a form that meets the specifications of App. R. 9(B)(6). When an appellant fails to provide a complete and proper transcript, a reviewing court will presume the regularity of the proceedings in the trial court and affirm." (Internal quotations

and citations omitted.) *State v. McAusland*, 9th Dist. Lorain No. 20CA011665, 2022-Ohio-37, ¶ 7. Without that transcript, this Court cannot know whether Husband made any concessions at the hearing that may negate his argument related to the local rule violation.

{¶17} Thus, I respectfully dissent from the judgment of the majority.

APPEARANCES:

JOSEPH G. STAFFORD and NICOLE A. CRUZ, Attorneys at Law, for Appellant.

RALPH C. MEGARGEL, Attorney at Law, for Appellee.