[Cite as *R.C. v. R.A.C.*, 2025-Ohio-5640.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| R.C., | : | |
| Plaintiff-Appellant, | : | No. 115293 |
| v. | : | |
| R.A.C., | : | |
| Defendant-Appellee. | : | |

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** December 18, 2025

Civil Appeal from the Cuyahoga County Court of Common Pleas
Domestic Relations Division
DR-24-400047

### *Appearances:*

Gioffre, Schroeder & Jansky Co., L.P.A. and David J. Jansky, *for appellant.*

Meyers, Roman, Friedberg & Lewis and Anne C. Fantelli, *for appellee.*

EMANUELLA D. GROVES, P.J.:

{¶ 1} In this accelerated appeal challenging the trial court's granting of defendant-appellee R.A.C.'s ("Husband") motion for immediate sale, plaintiff-appellant R.C. ("Wife") assigns two errors: (1) "[t]he trial court abused its discretion

in granting [Husband's] pretrial motion for immediate sale of real estate without providing [Wife] her allotted fourteen (14) days to respond to the motion per Cuyahoga County Local Rule 15(B)" and (2) "[t]he trial court abused its discretion in granting [Husband's] pretrial motion for immediate sale of real estate without conducting an evidentiary hearing."

{¶ 2} Per App.R. 11.1(E), we dispose of this appeal with a brief and conclusionary statement explaining the reason for our decision as to each assigned error.

{¶ 3} Wife's first assignment of error is sustained. Cuyahoga C.P., Domestic Relations Loc.R. 15(B) provides, "Any party opposing a motion may file and serve a concise written statement of the reasons, including citation to any authority relied upon, within 14 days from service of the motion." While there "is generally no error if a court exercises its discretion to deviate from its local rules in a particular case," the trial court is "'bound to comply'" with those rules if deviating from those rules "'implicates issues of due process, depriving a party of a "reasonable opportunity to defend" against the disposition of the case in favor of the other party.'" *Sellers-Smith v. Smith*, 2023-Ohio-1022, ¶ 9 (9th Dist.), quoting *Wallner v. Thorne*, 2010-Ohio-2146, ¶ 21 (9th Dist.).

{¶ 4} Here, Husband's pretrial motion for immediate sale of real estate was filed on Friday, June 27, 2025, and the trial court granted the motion on Wednesday, July 2, 2025, prior to Wife's filing of a brief in response. Accordingly, the trial court abused its discretion by depriving Wife of the opportunity to respond. *See, e.g., id.*

(finding the trial court erred when it did not afford Husband seven days within which to approve or reject Wife's proposed documents, as provided for under a local rule); *Henry Cty. Bank v. Toledo Radio*, *LLC,* 2022-Ohio-1360, ¶ 4, 11 (3d Dist.) (holding that the trial court committed reversible error by ruling on a motion before the appellant had the opportunity to file a reply brief, which contravened applicable civil and local rules); *CACV of Colorado, LLC v. Majkic*, 2007-Ohio-2890, ¶ 4 (9th Dist.) (finding that a trial court must generally follow the Ohio Rules of Civil Procedure and its local rules and nonmoving parties must be given time to present arguments, regardless of their merit), quoting *Miller v. Lint*, 62 Ohio St.2d 209, 215 (1980) ("However hurried a court may be in its efforts to reach the merits of a controversy, the integrity of procedural rules is dependent upon consistent enforcement because the only fair and reasonable alternative thereto is complete abandonment.").

{¶ 5} Because we sustain Wife's first assignment of error, her second assignment of error is moot.

{¶ 6} Accordingly, the judgment of the trial court is reversed, and the matter is remanded for further proceedings.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court, domestic relations division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

EMANUELLA D. GROVES, PRESIDING JUDGE

KATHLEEN ANN KEOUGH, J., and
WILLIAM A. KLATT*, J., CONCUR

(*Sitting by assignment:  William A. Klatt, J., retired, of the Tenth District Court of Appeals.)