[Cite as *In re A.C.*, 2026-Ohio-556.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

| | | |
|---|---|---|
| IN RE A.C. | : | |
| | : | No. 115009 |
| Minor Child | : | |
| | : | |
| [Appeal by Father] | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** February 19, 2026

Civil Appeal from the Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. FA-24-102143

***Appearances:***

Bartos & Company, LPA, and Timothy G. Spackman, *for
appellant*.

EMANUELLA D. GROVES, J.:

{¶ 1} Appellant-father ("Father") appeals the judgment entry sustaining appellee-mother's ("Mother") objections to the magistrate's decision and denying his application to determine shared parenting of A.C., the parties' minor child. Upon review, we reverse the trial court's decision and remand the matter for further proceedings.

## I.    Facts and Procedural History

{¶ 2}   The following facts and procedural history are limited to those relevant to our disposition of this appeal.

{¶ 3}   In February 2024, Father filed an application to determine shared parenting of A.C.[1] The matter was set for trial in January 2025. Father filed a notice of submission of a shared-parenting plan one week prior to trial and a proposed parenting schedule on the day of trial. Trial was held before a magistrate, who released a decision with findings of fact and conclusions of law on February 21, 2025. In pertinent part, the magistrate's decision granted Father's application to determine shared parenting and designated Father and Mother as A.C.'s residential parents and legal custodians.

{¶ 4}   Father filed a motion for reconsideration on March 3, 2025, requesting that the trial court reconsider the custody arrangement, enforce existing orders and take appropriate action to ensure Mother's compliance, and address Mother's conduct to guarantee the safety and well-being of A.C. On March 6, 2025, Mother filed an objection to the magistrate's decision. Mother argued that the trial court was prohibited from granting a shared-parenting plan and designating both parties as residential parents and legal custodians since a shared-parenting plan was not filed thirty days prior to trial pursuant to R.C. 3109.04(A)(1) and (G).

---

[1] Father represented himself pro se at the trial-court level.

**{¶ 5}** The magistrate subsequently issued an order denying Father's motion for reconsideration, stating: "This Magistrate finds that either party may file an objection to the Magistrate's Decision, stating with particularity all grounds for the objection, within 14-days of the filing of the Decision." On March 13, 2025, the trial court issued a judgment entry sustaining Mother's objection, denying Father's application to determine shared parenting, and modifying and adopting the magistrate's decision accordingly.

**{¶ 6}** Father appeals, raising two assignments of error for review.

**Assignment of Error No. 1**

In an action to consider Father's application for shared parenting the trial court committed reversible and prejudicial error and violated [Father's] right to due process under Article 1 Section 16 of the Ohio Constitution by failing to undertake an independent review of the magistrate's decision and by granting Mother's objection without reviewing the transcript of the January 28, 2025 trial.

**Assignment of Error No. 2**

The trial court committed prejudicial error in summarily granting [Mother's] objection under R.C. 3109.04(G) where [Father] in fact did file a proposed parenting plan and where it has been held that R.C. 3109.04(G) is merely directory.

## II. Law and Analysis

**{¶ 7}** Relevant to our determination of this appeal, Father argues in his first assignment of error that he was not given sufficient time to file his own objections or otherwise respond to Mother's objection to the magistrate's decision since the trial court sustained Mother's objection seven days after its filing.

**{¶ 8}** Juv.R. 40(D)(3)(b)(1) mirrors Civ.R. 53(D)(3)(b)(i) and provides: "A party may file written objections to a magistrate's decision within fourteen days of the filing of the decision . . . . If any party timely files objections, any other party may also file objections not later than ten days after the first objections are filed."

**{¶ 9}** A trial court's action with respect to a magistrate's decision — including ruling on objections and adopting a magistrate's decision — is reviewed on appeal for an abuse of discretion. *Glendell-Grant v. Grant*, 2018-Ohio-1094, ¶ 8 (8th Dist.). However, courts do not have discretion to misapply the law. *Johnson v. Abdullah*, 2021-Ohio-3304, ¶ 38. The Ohio Supreme Court explained, "A court has discretion to settle factual disputes or to manage its docket, for example, but it does not have discretion to apply the law incorrectly." *Id*. Thus, "courts lack the discretion to make errors of law, particularly when the trial court's decision goes against the plain language of a statute or rule." *Id*. at ¶ 39.

**{¶ 10}** Consequently, rules — like the Ohio Rules of Juvenile or Civil Procedure — operate to limit a trial court's discretion. *State ex rel. Withers v. State Teachers Retirement Sys.*, 2017-Ohio-7906, ¶ 12 (10th Dist.). A trial court must generally follow those rules and provide sufficient time for parties to present their arguments, regardless of merit. *CACV of Colorado, LLC v. Majkic*, 2007-Ohio-2890, ¶ 4 (9th Dist.); *Sellers-Smith v. Smith*, 2023-Ohio-1022, ¶ 9 (9th Dist.) (holding that a trial court is bound to comply with certain rules if deviating from those rules implicates issues of due process and deprives a party of a reasonable opportunity to defend against the disposition of the case in favor of the other party).

Indeed, "'[h]owever hurried a court may be in its efforts to reach the merits of a controversy, the integrity of procedural rules is dependent upon consistent enforcement because the only fair and reasonable alternative thereto is complete abandonment.'" *Majkic* at ¶ 4, quoting *Miller v. Lint*, 62 Ohio St.2d 209, 215 (1980).

{¶ 11} Based on the record before us, we find that the trial court prematurely ruled on Mother's objection to the magistrate's decision. The record reveals that Father mistakenly filed a motion for reconsideration on March 3, 2025, signaling his intention to object to the magistrate's decision. The magistrate denied Father's motion, advising that objections to the magistrate's decision could be filed instead. Mother filed her objection on March 6, 2025. Despite Juv.R. 40(D)(3)(b)(1)'s ten-day extension, the trial court sustained the objection on March 13, 2025 — only seven days later — depriving Father of the opportunity to file his own objections or respond to Mother's objection. Based on this record, we find that the trial court erred by prematurely sustaining Mother's objection to the magistrate's decision. *See, e.g., R.C. v. R.A.C.,* 2025-Ohio-5640, ¶ 3-4 (8th Dist.) (reversing the trial court's ruling on a motion made prior to the response deadline established by local rules and remanding the matter for further proceedings)*; Sellers-Smith* at ¶ 9, 12 (finding that the trial court erred when it did not afford a party seven days within which to approve or reject the other party's proposed documents, as provided for under a local rule); *Henry Cty. Bank v. Toledo Radio, LLC,* 2022-Ohio-1360, ¶ 4, 11 (3d Dist.) (holding that the trial court committed reversible error by ruling on a motion

before the appellant had the opportunity to file a reply brief, which contravened applicable civil and local rules).

{¶ 12} Since we sustain Father's first assignment of error, his second assignment of error is moot.

{¶ 13} Accordingly, the judgment of the trial court is reversed, and the matter is remanded for further proceedings.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court, juvenile division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EMANUELLA D. GROVES, JUDGE

LISA B. FORBES, P.J., and
EILEEN A. GALLAGHER, J., CONCUR